

FILED

AUG 1 6 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEM COUNCIL, and ALLIANCE FOR THE WILD ROCKIES,  Plaintiffs, | CV 18-55-BLG-SPW  ORDER |
| vs. | |
| JON RABY, Acting State Director, the BUREAU OF LAND MANAGEMENT; and the DEPARTMENT OF THE INTERIOR,  Defendants. | |

Plaintiffs Native Ecosystem Council and Alliance for the Wild Rockies have filed a motion for preliminary injunction (Doc. 9) and a motion for a temporary restraining order (Doc. 11) in this case. The motions request temporary injunctions against implementation of "vegetation and riparian treatments" authorized by the Iron Mask project area. These motions were referred to United States Magistrate Judge Timothy Cavan for findings and recommendations. Judge Cavan has issued findings and recommendations on the TRO and recommends denying it. (Doc. 21).

1

Plaintiffs filed timely objections to the findings and recommendations, (Doc. 25), and Defendants have responded to their objections. (Doc. 31). Plaintiffs are entitled to de novo review of those portions of Judge Cavan's findings and recommendations to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## I. Plaintiffs Objections

Plaintiffs object to Judge Cavan's conclusion that they did not show a likelihood of irreparable harm, and his failure to consider all four prongs required for a TRO under *Winter*. (*See gen.* Doc. 25). Plaintiffs do not object to Judge Cavan's factual findings. Judge Cavan's factual findings are adopted in full.

## II. Discussion

To obtain a temporary restraining order, Plaintiffs must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to them in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def Council*, 555 U.S. 7, 20-23 (2008). The Ninth Circuit has held that "serious questions going to the merits" and "a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632

F.3d 1127, 1135 (9th Cir. 2011). Under this approach, "serious questions going to the merits" requires more than showing that "success is more likely than not;" it requires a plaintiff to demonstrate a "substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011).

Further, "under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Cottrell*, 632 F.3d at 1131 (emphasis in original). Irreparable harm has been described as "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction." 11A Wright & Miller, FED. PRAC. & PROC. § 2948. Where a plaintiff fails to demonstrate a likelihood of irreparable harm in the absence of preliminary relief, the court need not address the remaining elements of the preliminary injunction standard. *See Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

A.   **Irreparable Harm**

Plaintiffs assert that the treatments will "imminently and irreparably harm their members' ability to view, experience, and utilize the ear (sic) in their undisturbed state." (Doc. 10 at 15). Plaintiffs allege that if the treatments proceed, the "area will be irreversibly degraded because once logging and burning occurs, the BLM cannot put the trees back on the stumps or unburn trees," and their "interests in the area" will be irreparably harmed. (Doc. 10 at 9-10). The court

finds that Plaintiffs have failed to show a particularized injury to their interests, however, rather than an abstract injury to the environment. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000) (Article III remedies must redress an "injury to the plaintiff" rather than an "injury to the environment").

In *Sierra Forest Legacy v. Sherman,* 951 F.Supp. 2d 1100, 1111 (E. D. Cal. Apr. 15, 2013), the court considered whether a plaintiff generally asserting irreparable injury from harvesting old forest habitat stated an irreparable injury sufficient for injunctive relief. Applying a case that analyzed the less demanding injury-in-fact standard for standing purposes, the court found that project-specific injunctive relief may not be appropriate if plaintiffs have not "identified any imminent [project] in any specific area and explained how such [project] will harm their interests." *Id.* at 1111-1112 (citing *Wilderness Soc'y v. Rey*, 622 F.3d 1251, 1256-57 (9th Cir. 2010). The court reasoned that if a plaintiff had to be specific in a less demanding standing case, like *Rey,* plaintiffs seeking injunctive relief would need to be at least as specific. *Id.*

Based on this analysis, the court stated that "broad and untethered allegations of harm cannot serve as the irreparable injury required to demonstrate the need for injunctive relief." *Id.* Instead, a plaintiff must "identify specifically planned tree cutting, link the proposed tree-cutting to its members' specific

4

interests, and demonstrate how the proposed tree-cutting will harm those interests." *Id.* at 1111. This Court finds the *Sierra Forest Legacy* analysis persuasive, and agrees with Judge Cavan that Plaintiffs' harm allegations are too attenuated to justify injunctive relief.

Plaintiffs have not identified any imminent slashing and thinning of conifers in a specific area of the Iron Mask project area and explained how that particular conduct will harm their interests. Plaintiffs have not provided any statements or evidence that their members have aesthetic or other interest in the specific units to be treated. Plaintiffs' statements from Michael Garrity simply lack those details. (*See e.g.* Doc. 10-1, ¶ 8, Garrity Decl. ("The Project threatens myself and the Alliance and its members with concrete and particularized injury to our esthetic, recreational, scientific, spiritual, vocational and educational interest in the area . . .")). The Iron Mask project area totals 26,235 acres. (Doc. 15 at 5). Such broad and untethered allegations of harm cannot serve as the irreparable injury required to demonstrate the need for injunctive relief.

### B. *Winter* factors

Plaintiffs also argue that Judge Cavan failed to apply the four *Winter* factors in accordance with *Cottrell* when he recommended rejecting the TRO. (Doc. 25 at 12). All four *Winter* factors must be considered only when *granting* injunctive relief, however. *Cottrell*, 632 F.3d at 1134-5. Even under the sliding scale

5

analysis, the plaintiff is required to establish all four factors to succeed. *Id.* In other words, if the plaintiff fails to establish even one factor, the motion must fail. *See Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (holding that "[b]ecause Plaintiffs have failed to show that they are likely to suffer irreparable harm . . . we need not address the [ ] remaining elements."). Judge Cavan correctly determined that Plaintiffs could not demonstrate irreparable harm, and properly denied the motion on that basis. Analysis of the remaining factors was not necessary.

### III. Conclusion

For the foregoing reasons, IT IS ORDERED that the proposed Findings and Recommendations entered by United States Magistrate Judge Cavan (Doc. 21) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Temporary Restraining Order (Doc. 11) is DENIED.

DATED this 16th day of August, 2018

                                                  */s/ Susan P. Watters*
                                                  SUSAN P. WATTERS
                                                  United States District Judge