IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEM COUNCIL and ALLIANCE FOR THE WILD ROCKIES,<br><br>     Plaintiffs,<br><br>vs.<br><br>JON RABY, Acting State Director, the Bureau of Land Management; BUREAU OF LAND MANAGEMENT; and the DEPARTMENT OF THE INTERIOR,<br><br>     Defendants. | CV 18-55-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

  Before the Court is plaintiffs Native Ecosystem Council and Alliance for the Wild Rockies' (collectively, "Plaintiffs") Motion for Preliminary Injunction (Doc. 9) (the "Motion"). Plaintiffs seek to enjoin defendants Jon Raby, Bureau of Land Management ("BLM"), and Department of the Interior's (collectively, "Defendants") implementation of "vegetation and riparian treatments" in the Iron Mask Planning Area (the "Project Area") until such time as the Court can consider the merits of Plaintiffs' Complaint for Injunctive Relief. *See* Docs. 1, 10. For the following reasons, the Court recommends that Plaintiffs' Motion be **DENIED**.

/ / /

/ / /

1

I.      **Pertinent Facts**

The following facts are taken from the parties' briefing, and are assumed to be true for the purposes of these Findings and Recommendations. These facts are undisputed unless otherwise noted.

The Project Area is located in the Upper Missouri Watershed Basin near the town of Townsend, Montana. (Doc. 10 at 1.) The germane tract of the Project Area consists of 19 BLM-owned parcels totalling 26,235 acres. (*Id*. at 2.) BLM completed a draft Environmental Assessment (the "Draft EA") in 2014, which, according to Defendants, "analyzed three management alternatives designed to improve land health, enhance biodiversity, and address management needs of a recent BLM land acquisition; address management of a forage reserve allotment created by the Butte Resource Management Plan (RMP); and provide for continued livestock grazing as described in the Butte RMP." (Doc. 15 at 6.) Plaintiffs filed comments on the Draft EA during the prescribed comment period. (*Id*.)

Over three years ago, on July 1, 2015, BLM published its Final Iron Mask EA (the "EA"), and also issued the Decision Record for Vegetation and Riparian Treatments (the "Treatments Decision"). (*Id*.) The EA is tiered to the Butte Resource Management Plan (*Id*. at 7), which documented several special status wildlife species within the Project Area, including the grey wolf, Brewer's

sparrow, golden eagle, McCown's longspur, sage thrasher, Northern leopard frog, and westslope cutthroat trout. (Doc. 10 at 3-4.)

The Treatments Decision approved vegetation and riparian treatment on up to 5,937 acres in 6 units. (Doc. 7 at 7.) Treatments on roughly 2,000 acres have been performed to-date, including 200 acres in 2015, 496 acres in 2016, 455 acres in 2017, and 425 acres in the spring of 2018. (Doc. 16-1.) On July 18, 2018, work was also commenced on hand-cutting and slashing an additional 416 acres. That project was completed on August 4, 2018. (Doc. 32 at ¶ 2.)

At a hearing on the instant Motion (Doc. 30), Defendants represented that only two additional treatments are currently scheduled. There is an additional round of "lop and scatter" scheduled on roughly 263 acres. (Doc. 32 at ¶ 4.) This treatment was scheduled to begin August 17, 2018, but Defendants have filed a notice indicating that the treatment likely will begin September 4, 2018, but in any case no sooner than August 27, 2018. (Doc. 35.) No other treatments are planned for this fiscal year. (Doc. 32 at ¶ 5.) In the spring of 2019, however, a prescribed burn is scheduled for the same 416 acres which were hand-cut and slashed in July and August 2018. *Id.*

Plaintiffs now seek to enjoin Defendants from performing any more treatments until the Court has the opportunity to consider the merits of their claims against Defendants.

## II. Legal Standard

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotations omitted). To obtain a preliminary injunction, a plaintiff must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Ninth Circuit has established a "sliding scale" approach to the application of these requirements. Under that analysis, if a plaintiff can raise "serious questions going to the merits" and "demonstrate a balance of hardships that tips sharply towards the plaintiff," the plaintiff is entitled to a TRO "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Supreme Court has emphasized that a plaintiff must show irreparable harm is "likely," and that the mere "possibility" of irreparable harm is insufficient to justify an injunction. *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (citing *Winter*, 555 U.S. at 22). Where a plaintiff fails to demonstrate a likelihood of irreparable harm in the absence of preliminary relief, the court need

not address the remaining elements of the preliminary injunction standard. *See Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

## III. Discussion

### A. Dr. Sara Johnson's Declaration

Plaintiffs attached as an exhibit to their reply brief in support of the Motion a Declaration of Sara Johnson, Ph.D. Dr. Johnson is the Executive Director of plaintiff Native Ecosystem Council. (Doc. 29-1.) In her declaration, Dr. Johnson generally discusses the beneficial effects of juniper trees for wildlife. At a hearing on the present Motion, Defendants objected to the consideration of Dr. Johnson's declaration, and the Court allowed Defendants the opportunity to submit additional briefing on the issue.

Defendants timely submitted their Objections to Evidence and Sur-Reply in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 33). Defendants argue, *inter alia,* that the Court cannot consider Dr. Johnson's declaration because it is not part of the administrative record. (*See Id*. at 4-6.) However, Defendants limit their objection to the consideration of Dr. Johnson's declaration with respect to whether Plaintiffs are likely to succeed on the merits, but concede that the Court can consider the declaration with respect to other necessary elements of a preliminary injunction. (*Id*. at 5 n. 6.)

As explained below, the Court does not reach the question of Plaintiffs' likelihood of success on the merits because it finds that Plaintiffs have not demonstrated a likelihood of irreparable harm. Since all parties agree that the Court can consider the declaration with respect to the "irreparable harm" element, Defendants' objection has no application to the instant Motion, and accordingly will not be addressed at this time. The Court may address Defendants' objection at a later date if it becomes germane to the Court's consideration of the merits of the case.

**B.   Likelihood of Irreparable Harm**

The Court previously issued Findings and Recommendations of U.S. Magistrate Judge (the "F&R") regarding Plaintiffs' Motion for Temporary Restraining Order ("TRO Motion"). (Doc. 21.) The Court recommended that United States District Judge Susan P. Watters deny Plaintiffs' TRO Motion because Plaintiffs had failed to demonstrate a likelihood of irreparable harm. On August 16, 2018, Judge Watters entered an Order adopting in full this Court's F&R, explaining in pertinent part:

> Plaintiffs have not identified any imminent slashing and thinning of conifers in a specific area of the Iron Mask project area and explained how that particular conduct will harm their interests. Plaintiffs have not provided any statements or evidence that their members have aesthetic or other interest in the specific units to be treated. Plaintiffs' statements from Michael Garrity simply lack those details. The Iron Mask project area totals 26,235 acres. Such broad and untethered allegations of harm

> cannot serve as the irreparable injury required to demonstrate the need for injunctive relief.

(Doc. 34 at 5 (quotations and citations omitted).)

The standards for a temporary restraining order ("TRO") and a preliminary injunction are the same. *Klinkenborg Aerial Spraying and Seeding, Inc. v. Rotorcraft Development Corp.*, 2013 WL 12109900, *2 (D. Mont. Jan. 18, 2013). Accordingly, the basis for Judge Watters' denial of Plaintiffs' application for a TRO is equally applicable to the instant application for a preliminary injunction. If the landscape of the case were identical to when the TRO was considered, this Court would have no reason or authority to reassess its previous decision and Judge Watters' Order. However, Plaintiffs have since submitted Dr. Johnson's declaration, and the Court has held its hearing on the instant Motion. Therefore, the Court's task here is to consider whether any information contained in the declaration or presented at the hearing necessitates a result different from that which the Court reached in its consideration of the TRO Motion.

The Court finds that Plaintiffs still have failed to demonstrate the likelihood of irreparable harm, and recommends once again that the Motion be denied. The only proposed treatment for the Project Area that will likely take place before the Court's decision on the merits is the 263-acre lop-and-scatter project scheduled to begin on September 4, 2018. This treatment will not involve any prescribed

burning. Plaintiffs did not present any additional evidence or argument at the hearing to explain how they will be irreparably harmed by this project.

Similarly, though Dr. Johnson's declaration provides additional information on the beneficial effects of juniper trees and sagebrush for wildlife, and the general ecological effects of the proposed treatments, it nevertheless suffers from the same fatal flaw that Judge Watters identified in her Order. That is, Dr. Johnson discusses the effects of the proposed treatments on the broader Project Area, but is silent as to any irreparable harm that would accrue from the specific treatments that this Court could enjoin.

The Project Area contains more than 25,000 acres. The Treatment Decision authorized treatment of nearly 6,000 acres. By contrast, the imminent lop-and-scatter treatment contemplates 263 acres, which constitutes less than 5% of the land covered under the Treatment Decision and barely more than 1% of the Project Area as a whole. Plaintiffs' "broad and untethered allegations of harm" do not explain at all why an injunction should issue to prevent the specific treatments being proposed on this relatively small portion of the Project Area. Plaintiffs also do not attempt to explain why the completion of this specific lop-and-scatter project will have any adverse impact on wildlife in the greater Project Area. As Judge Watters explained in her Order, "Plaintiffs have not identified any imminent slashing and thinning of conifers in a specific area of the Iron Mask project area

and explained how that particular conduct will harm their interests." (Doc. 34 at 5.) Nothing in Dr. Johnson's declaration rectifies that deficiency. *See Sierra Forest Legacy v. Sherman*, 951 F.Supp. 2d 1100, 1111-1112 (E.D. Cal. 2013) (Plaintiffs must "identify specifically planned tree cutting, link the proposed tree-cutting to its members' specific interests, and demonstrate how the proposed tree-cutting will harm those interests.").

The purpose of a preliminary injunction is to preserve the status quo and prevent the "irreparable loss of rights" before a final judgment on the merits. *Textile Unlimited, Inc. v. A. BMH and Co.*, 240 F.3d 781, 786 (9th Cir. 2001). Here, Plaintiffs simply have failed to demonstrate that Defendants are contemplating any action that would result in irreparable harm before such time as the Court will be able to address the merits of Plaintiffs' claims. Even assuming, as Dr. Johnson insists (Doc. 29-1 at *e.g.* ¶ 20), that Defendants' proposed burn treatments will exacerbate the damage to the Project Area, no burning is contemplated until the spring of 2019. This will allow the Court time to consider the merits of Plaintiffs' claims before the burn treatments begin. Nevertheless, in the interest of transparency and in ensuring that Plaintiffs' rights are preserved, the Court recommends that Defendants be ordered to file notice with the Court no later than 60 days prior to any future treatments during the pendency of this action.

///

9

## IV.  Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that:

(1) Plaintiffs' Motion for Preliminary Injunction (Doc. 9) be **DENIED**; and

(2) That Defendants be ordered to file notice with the Court no later than 60 days prior to the start of each and every future treatment authorized by the Treatment Decision during the pendency of this action.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

DATED this 22nd day of August, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge